IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**YESSENIA MORALES,**

    Plaintiff,

    v.

**POWER SECURITY, INC., et al.,**

    Defendants.

Civil No. 09-1127 (GAG/CVR)

## MEMORANDUM AND ORDER

On October 4, 2009, the plaintiff in this case, Yessenia Morales, filed an amended complaint against the defendants, Power Security Inc. and Luis Osuna ("Osuna"). (Docket No. 27-2.) The plaintiff seeks overtime compensation and liquidated damages for violations of the Fair Labor Standards Act of 1939 ("FLSA"), 29 U.S.C. §§ 201 et seq., and Puerto Rico's Working Hours and days Act ("Law No. 379"), P.R. Laws Ann. tit. 29, §§ 271 et seq. She also brought her action under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e et seq., Puerto Rico Law No. 69, P.R. Laws Ann. tit. 29, §§ 1321 et seq., and Puerto Rico Law No. 100, P.R. Laws Ann. tit. 29, §§ 146 et seq., for discrimination on the basis of gender and for retaliation for engaging in protected activity under each of these acts, as well as under the FLSA and Puerto Rico Law No. 115, P.R. Laws Ann., tit. 29, §§ 194 et seq.

Presently before the court is the defendants' motion to dismiss the plaintiff's claims pursuant to Rule 12(b)(6) (Docket No. 32), which was opposed by the plaintiff (Docket No. 40). The plaintiff also submitted a motion tendering and requesting leave to file a second amended complaint in order to overcome any legal obstacle raised in the defendants' motion to dismiss. (Docket No. 39.) For the reasons stated herein, the court **GRANTS** the defendants' motion to dismiss (Docket No. 32).

The defendants argue in their motion to dismiss that the plaintiff fails to state a claim under Title VII and Puerto Rico Laws Nos. 115 and 69, since not a single factual allegation in the first amended complaint (Docket No. 27-2) makes reference to discrimination on the basis of sex or to

**Civil No. 09-1127 (GAG/CVR)**                          2

retaliation for engaging in protected conduct under those statutes.[1] In response, the plaintiff filed a second amended complaint (Docket No. 39-2)[2] wherein she attempts to save her complaint by alleging the following, in relevant part:

> Although defendants promoted Morales to captain she did not receive a salary increase similar to the other male captain. Defendants also disciplined Morales without just cause and more severely than the other male captain and constantly made discriminatory comments against her due to her gender. This was clearly sex discrimination and a violation of the Equal pay Act. As a result of the foregoing, on January 27, 2009, Plaintiff's attorney sent a letter to Defendants informing them that Plaintiff was going to file a complaint for sex discrimination and demanding the payment of the overtime hours she had worked and not paid under the FLSA and Law 379.

(Docket No. 39-2, ¶ 9.) Plaintiff further alleges that "[f]rom that moment on Defendants engaged in a retaliatory campaign against Plaintiff," and that she thereafter "notified Defendants that they were retaliating against her because she was engaging in protected activity." (Id.) Defendants allegedly "discharged Plaintiff in retaliation for opposing defendants' discriminatory and retaliatory actions and for engaging in a protected activity under Title VII, the FLSA and local laws." (Id.)

These allegations do not withstand scrutiny under the applicable standard of review, set forth by the United States Supreme Court in Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937 (2009).[3] In Iqbal the Court summarized: "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" 129

---

[1] The defendants further argued that the Title VII claim should be dismissed as to defendant Osuna in his personal capacity, since no personal liability can be attached to agents under Title VII. Though they cited non-binding cases from the Second and Sixth Circuits to support this proposition, i.e. Wrighten v. Glowski, 232 F.3d 119 (2nd Cir. 2000); Kistner v. Law Offices of Michael P. Margelefsky, LLC, 518 F.3d 433 (6th Cir. 2008), the court notes that the defendants are correct on this point. According to binding First Circuit precedent, "there is no invidivual employee liability under Title VII." Fantini v. Salem State College, 557 F.3d 22 (1st Cir. 2009). However, as discussed further on, the court dismisses the Title VII claims on an alternate ground.

[2] The court accepted the filing of the second amended complaint. (See Docket No. 44.)

[3] Though the defendants did not make their argument for dimissal under the new Iqbal standard, citing only previous case law to support their motion to dismiss, the court must apply the current, applicable standard.

**Civil No. 09-1127 (GAG/CVR)**               3

S.Ct. at 1949. It reiterated, however, that though "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' [. . .] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

Here, the plaintiff simply makes a formulaic recitation of the elements of her cause of action, without providing further factual allegations indicating what discriminatory comments were made against her, or the kinds of actions that comprised the "retaliatory campaign," so that the court can determine whether or not her claim is plausible on its face. See Id. ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Twombly, 550 U.S. at 570). As stated by the Court, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Because, under Iqbal, the second amended complaint does not save plaintiff's claims for sex discrimination and retaliation under Title VII and Law Nos. 115 and 69, they are hereby **DISMISSED**.

**SO ORDERED**.

In San Juan, Puerto Rico this 16th day of November, 2009.

*S/Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States District Judge